IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED ASHFORD, JR., : | | |
|     Plaintiff : | | |
| : | No. 1:20-cv-01212 | |
| v. : | | |
| : | (Judge Kane) | |
| PRIME CARE MEDICAL : | | |
| GROUP, et al., : | | |
|     Defendants : | | |

| | | |
|---|---|---|
| ALFRED ASHFORD, JR., : | | |
|     Plaintiff : | | |
| : | No. 1:20-cv-01213 | |
| v. : | | |
| : | (Judge Kane) | |
| PRIME CARE MEDICAL ASSOC. : | | |
|     Defendant : | | |

# MEMORANDUM

On July 15, 2020, pro se Plaintiff Alfred Ashford, Jr. ("Plaintiff"), who is presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania ("DCP"), initiated the above-captioned cases by filing complaints pursuant to 42 U.S.C. § 1983. Plaintiff has also filed motions for leave to proceed in forma pauperis in both cases. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of Plaintiff's complaints. For the reasons set forth below, the Court will grant Plaintiff's motions for leave to proceed in forma pauperis and dismiss his complaints with leave for him to file an all-inclusive amended complaint in civil action 20-1212.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

## I.     BACKGROUND

### A.     Civil Action 20-1212

Plaintiff names Prime Care Medical Group ("Prime Care"), Dauphin County Prison Dr. ("DCP Doctor"), Dr. Doug ("Doug"), Probation Officer Doug Lava ("Lava"), Prime Care CEO Sue ("Sue"), and Prime Care Director Dr. Wray ("Wray") as Defendants in civil action 20-1212.[2] (Doc. No. 1 at 1-3.) Plaintiff avers that his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments to the United States Constitution and the corresponding amendments to the Pennsylvania Constitution have been violated. (Id. at 5.) For his statement of facts, he avers: "Specifically list all specific different (physical transactions—bruised hip, punched arm, hair pulled, etc. By who, what, time, where—which amendments violated." (Id. at 4.) As for injuries, Plaintiff maintains that he has suffered loss of business, cruel and unusual punishment, separation from family and loved ones, and deprivation of life and liberty without due process. (Id. at 5.) He alleges that he suffers knee and neck injuries from an altercation with another inmate. (Id.) As relief, Plaintiff seeks immediate release from DCP, to have a detainer lifted, "vindication," the refund of any payments made toward his fines, assignment of a new probation officer, and to be released from probation. (Id.)

### B.     Civil Action 20-1213

Plaintiff names Prime Care as the sole Defendant in civil action 20-1213.[3] (Doc. No. 1 at 2.) He avers that his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments have been violated. (Id. at 3.) Plaintiff maintains that medical staff have committed malpractice by "not treating [his] physical injuries properly." (Id.

---

[2] References within this subsection refer to docket entries in civil action 20-1212.

[3] References within this subsection refer to docket entries in civil action 20-1213.

at 4.)  Plaintiff alleges that he still experiences pain in his neck and knee and that he is not receiving proper treatment for his mental health issues, such as PTSD, depression, and anxiety. (Id.)  As relief, Plaintiff requests damages and proper treatment.  (Id. at 5.)

## II.    LEGAL STANDARD

### A.    Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions.  See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v.

Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally

construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

### B. Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III. DISCUSSION

### A. Plaintiff's Requests for Release and Termination of Probation

As noted supra, Plaintiff seeks immediate release, to have a detainer lifted, termination of probation, "vindication," and to have his "fines absolved and any payments returned." A civil rights suit pursuant to § 1983, however, is not the proper vehicle for Plaintiff to use to seek release from custody. When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Conversely, when the challenge is to a condition of confinement such that a finding in [the] plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is appropriate. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Here, to the extent Plaintiff is seeking release from DCP, he cannot seek such relief in these § 1983 actions.[4] Accordingly, any claims seeking such relief will be dismissed.[5]

---

[4] The Court notes that Plaintiff has a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging, inter alia, his probation detainer and current imprisonment pending before this Court. See Ashford v. Briggs, No. 1:20-cv-1118 (M.D. Pa.).

[5] Moreover, to the extent Plaintiff seeks damages for his allegedly unconstitutional probation or imprisonment, he cannot do so at this time. In order to recover such damages, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (noting that the rule set forth in Heck applies to probation and parole revocation proceedings). Nothing in Plaintiff's complaints indicate that the conviction for which he received probation has been reversed or expunged.

### B.     Plaintiff's Claims against Defendants

Plaintiff names Prime Care, DCP Doctor, Doug, Lava, Sue, and Wray as Defendants in these matters.  However, for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009).  In the instant case, Plaintiff has not adequately pled facts regarding how the named Defendants were personally involved in the alleged violations of his constitutional rights.  See Lawal v McDonald, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); Hudson v. City of McKeesport, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming the dismissal of one defendant because the complaint did not provide any basis for a claim against him).  Without more, the Court cannot proceed on Plaintiff's claims against these individuals as pled.

Moreover, under § 1983, a private corporation, such as Prime Care, contracted to provide healthcare for inmates cannot be held liable pursuant to respondeat superior; instead, a plaintiff must allege that the entity had a policy, practice, or custom that caused his or her injury.  See Shade v. Stanish, No. 1:19-cv-1429, 2020 WL 869748, at *7 (M.D. Pa. Feb. 21, 2020); see also Carpenter v. Kloptoski, No. 1:08-cv-2233, 2010 WL 891825, at *8 (M.D. Pa. Mar. 10, 2010) (concluding that a § 1983 claim against a private medical service solely on the basis that it was responsible for providing health care is subject to dismissal).  Here, Plaintiff fails to allege any facts suggesting that the alleged deficiencies in his medical care were the result of Prime Care's policies, customs, or practices.

7

It also appears that Plaintiff seeks to proceed against Defendants Sue and Wray based upon their respective supervisory positions within Prime Care. Supervisors, however, "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." See Iqbal, 556 U.S. at 676. The Third Circuit has noted that there are two theories of supervisory liability applicable to claims brought pursuant to § 1983: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm.'" See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). With respect to the second theory of liability, the plaintiff must allege that "(1) existing policy or practice creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." See Merring v. City of Carbondale, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). In the instant case, Plaintiff's complaint fails to set forth plausible supervisory liability claims against Defendants Sue and Wray. He has pled no facts suggesting that they participated or acquiesced in the alleged violation of his rights, and he has not identified any policy that allegedly caused the violation of his rights. See McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009).

### C. Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court will permit Plaintiff to file an all-inclusive amended complaint against Defendants that corrects the deficiencies identified herein in civil action 20-1212.  Because Plaintiff's claims in civil action 20-1213 are identical to those raised in civil action 20-1212, the Court will not permit Plaintiff to file an amended complaint in civil action 20-1213.  Moreover, Plaintiff will not be permitted to amend his claims seeking immediate release and termination of probation because it would be futile to allow him to do so.  Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts that he claims violated his rights.  Mere conclusory allegations will not set forth a cognizable claim.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's motions for leave to proceed in forma pauperis and dismiss his complaints for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will afford Plaintiff thirty (30) days from the date of the Order accompanying this Memorandum in which to file an all-inclusive amended complaint, consistent with the Court's discussion herein, in civil action 20-1212.  An appropriate Order follows.